**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 23-cv-23787-BLOOM/Torres**

CRAIG MAXWELL, *and*
CRYPTO Advocates,

    Plaintiffs,
v.

FORIS DAX, INC., *doing business as*
Crypto.com

    Defendant.
_____/

**ORDER OF DISMISSAL**

    **THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On October 4, 2023, Plaintiffs, proceeding *pro se*, filed a Complaint, ECF No. [1]. It is clear from the face of the Complaint that the Court does not have jurisdiction. *See Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises.") (citations omitted).

    Federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)) (internal quotation marks omitted); *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction."). "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d at 410 (alteration added).

Case No. 23-cv-23787-BLOOM/Torres

"A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016)) (internal quotations omitted). Under 28 U.S.C. § 1331, district courts have jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

Plaintiffs allege that Defendant Crypto.com cheated Plaintiff Craig Maxwell out of thousands of dollars and that it lied about suspicious activity on the Crypto.com application. Even construing those and other allegations liberally, Plaintiffs have not established the Court has jurisdiction under either a specific statutory grant, federal question jurisdiction, or diversity jurisdiction. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

Accordingly, it is **ORDERED AND ADJUDGED** that the Complaint, ECF No. [1], is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. The Clerk is directed to **CLOSE** this case.

Case No. 23-cv-23787-BLOOM/Torres

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 6, 2023.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

Craig Maxwell
P.O. Box 221
Marion, SC 29571
PRO SE

Crypto Advocates
P.O. Box 221
Marion, SC 29571
PRO SE